[No. 20833. In Bank. — April 24, 1891.]

Ex parte J. M. SOTO, on Habeas Corpus.

JURISDICTION OF RECORDERS' COURTS — IMPRISONMENT FOR NON-PAYMENT OF FINE. — The recorders' courts of cities organized under the general municipal corporation act are of the same character as police courts, and have the same jurisdiction; and section 1446 of the Penal Code, providing that "a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, in proportion of one day's imprisonment for every dollar of the fine," applies to recorders' courts.

ID. — CRIMINAL LAW — CONSTRUCTION OF PENAL CODE — RATE OF IMPRISONMENT — EXCESS OF. — Section 1446 of the Penal Code merely prescribes a maximum of imprisonment at the rate specified, leaving the magistrate full discretion to fix any rate of imprisonment within that maximum that seems just, and a judgment of imprisonment until the fine be satisfied, at the rate of one day for each two dollars of the fine, is not erroneous. [Per BEATTY, C. J.; PATERSON, J., and McFARLAND, J., concurring.]

Id. — Erroneous Judgment — Habeas Corpus. — The judgment directing imprisonment until the fine be satisfied, at the rate of one day for each two dollars of the fine, although erroneous, was error in favor of the petitioner, and not wholly void, and does not, therefore, authorize the court to discharge the defendant imprisoned thereunder, upon a writ of *habeas corpus.* [Per De Haven, J.; Harrison, J., concurring.]

Application to the Supreme Court for a discharge from imprisonment on a writ of *habeas corpus.* The facts are stated in the opinion of the court.

*Waterman & Broughton,* for Petitioner.

*W. A. Bell,* and *Edwin A. Meserve,* for Respondent.

Beatty, C. J. — The petitioner was convicted in the recorder's court of the city of Pomona, upon a charge of violating a city ordinance, and sentenced to pay a fine of $150, and in default of such payment to be imprisoned in the city jail in the proportion of one day's imprisonment for each two dollars of the unpaid portion of said fine.

The punishment prescribed by the city ordinance under which the petitioner was convicted is a fine not exceeding three hundred dollars, or imprisonment not exceeding three months, or both such fine and imprisonment. And it is claimed that a judgment imposing a fine only cannot be enforced by imprisonment, because the ordinance does not authorize imprisonment for that purpose.

But it is not necessary that such authority should be found in the ordinance if section 1446 of the Penal Code applies to cases tried in the recorders' courts of cities of the fifth class.

By that section it is provided that " a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, in proportion of one day's imprisonment for every dollar of the fine."

It is contended, however, that since this provision

only applies to proceedings in justices' and police courts, it confers no authority upon a recorder's court.

But a recorder's court is none the less a police court because it happens to have been called by another name. The character of a court is determined, not by its name, but by the nature of its jurisdiction and functions, in which respect the recorders' courts of cities organized under the general municipal corporations act cannot be distinguished from other police courts.

Another ground upon which petitioner insists that his imprisonment is unlawful is, that if it be conceded that the recorder's court of Pomona is a police court, and therefore authorized by section 1446 of the Penal Code to enforce payment of a fine by the alternative of imprisonment, this judgment is void as to the imprisonment which is prescribed, because, by the statute, the imprisonment must be at the rate of one day for every dollar of the fine, while this judgment only requires him to be imprisoned at the rate of one day for every two dollars of the fine.

In support of this contention he cites the case of *Ex parte Bernert*, 62 Cal. 524, in which it was held that a sentence to pay a fine of twenty dollars, and in default of payment to be imprisoned ten days, was void, because the law in question prescribed a fine of not less than one hundred dollars, and allowed imprisonment only as an alternative for non-payment of the fine. The reasoning of the court was, that since there could be no imprisonment except as an alternative of non-payment of the fine, and since the fine was less than the minimum prescribed by the statute, the imprisonment was necessarily unlawful.

Upon the same reasoning it would seem to follow that if this petitioner has been allowed to discharge his fine by a shorter term of imprisonment than the law warrants, he cannot be imprisoned at all.

But we think there is sufficient difference between the

terms of the law applicable to this case and those of the statute construed in *Ex parte Bernert*, 62 Cal. 524, to enable us to escape a consequence which, upon common-sense views, appears so absurd.

Section 1446 of the Penal Code does not imperatively require that the direction for imprisonment in case of non-payment of a fine shall be at the rate or in the proportion of one day for one dollar. It is, in terms, permissive,—the discretion of the magistrate is absolute whether or not to impose any imprisonment whatever,—and it can lead to no possible harm to hold that the law merely prescribes a maximum rate of imprisonment, leaving the magistrate full discretion to fix any rate within that maximum that seems to be just. It is certainly true, as argued by petitioner, that if this discretion exists, the magistrate may allow a fine to be discharged by imprisonment at the rate of ten dollars a day, or a hundred dollars a day. But this does not seem to us to amount to a *reductio ad absurdum*.

If the legislature deemed it wise to allow a police judge, in his discretion, to wholly omit the alternative of imprisonment, there seems to be no reason to assume an unwillingness to grant him the smaller discretionary power to vary the rate at which the fine may be discharged by that means.

That such power has been conferred on the superior court by the express terms of section 1205 of the Penal Code is conceded, and this proves that the mere fact that it is a power capable of abuse by arbitrary or capricious exercise is no proof of its non-existence.

It is no doubt true that the legislature might be supposed to have been willing to confide more to the discretion of the superior court than to inferior judicial officers, and it may be argued that the difference in the terms of the two sections referred to is proof of such disposition.

But it is difficult to reconcile this assumption with the

fact above stated, that the power conferred upon police judges to omit the alternative of imprisonment altogether is really more extensive and absolute than the power supposed to have been withheld.   Certainly, it is a power quite as capable of being abused to the detriment of the public, and as a means of unjust discrimination in favor of individuals.   The difference in the terms of two sections of the code would, it is true, ordinarily require a difference of construction; but the subject of these provisions is such as to demand a construction which will give them a harmonious rather than a discordant operation.

If there is no reason to suppose the legislature less willing to confer a discretion upon police courts than upon the superior court as to the rate of imprisonment required to satisfy a fine, there is still less reason for supposing an intention to subject petty offenders to a harsher and more burdensome rule than is applied to more serious offenders.   If one who has justly incurred a fine of five thousand dollars may, in the discretion of a superior judge, be allowed to satisfy such fine by undergoing imprisonment for fifty days, or even less, why should one who has justly incurred a penalty of only one hundred dollars be compelled, if imprisoned at all, to stay in jail twice as long?   We find it less difficult to construe the two sections of the code in the same sense than to ascribe to the legislature an intention not merely to permit, but in a measure to compel, such gross inconsistency.

But, aside from all this, it has lately been decided here that there can be no imprisonment in satisfaction of a fine for a term longer than the maximum term of imprisonment prescribed as a penalty, or part of the penalty, of the offense.   (*Ex parte Erdmann, ante*, p. 579.)

This being so, petitioner could not have been imprisoned in satisfaction of his fine of $150 longer than ninety days, and therefore a sentence in the alternative to imprisonment at the rate of one day for one dollar

would have been void as to sixty days. Can it be said that the recorder's court was compelled to pronounce a judgment that would have been void? Surely not. If the case referred to was correctly decided, section 1446 cannot mean what petitioner contends it means. It must be subject to a construction which will admit in many cases, and which in his case demanded, a sentence of imprisonment for the satisfaction of the fine at a rate greater than one dollar a day.

There is no excess of jurisdiction.

The prisoner is remanded, and writ discharged.

PATERSON, J., and McFARLAND, J., concurred.

DE HAVEN, J., concurring. — I concur in the judgment. Under section 1446 of the Penal Code, the court, after determining that its judgment of fine should be satisfied by imprisonment, ought to have directed that the petitioner "be imprisoned until the fine be satisfied, in the proportion of one day's imprisonment for every dollar of the fine." This is the language of the statute; and as it is definite and clear, there is no reason for placing upon it any other construction. The judgment under which the petitioner is imprisoned is not in this form, and is for this reason erroneous. But there is a wide difference between a judgment in which there is error which would be corrected on appeal, and one that is void in the extreme sense; and it is only in this latter class that the court is authorized to discharge upon *habeas corpus* a defendant imprisoned thereunder. In my opinion, the judgment here assailed is not absolutely void. The court had jurisdiction of the subject-matter of the action, and of the person of petitioner. Its judgment that he pay the fine imposed was authorized by law; and it also had the right to direct imprisonment for the satisfaction of the fine, and its judgment in this respect is not wholly unauthorized: it is within, and not in excess of, the authority given it by the statute; and

while, as we have seen, the court committed an error, such error was in favor of the petitioner, and its judgment was not wholly void. The distinction between such a judgment and one entirely without warrant of law, and therefore void, is obvious.

HARRISON, J. — I concur in the above opinion.

GAROUTTE, J., dissenting. — I dissent. In the case of *Ex parte Bernert,* 62 Cal. 524, where the judgment of the court was that " the defendant pay a fine of twenty dollars, and the minimum fine recognized by law for the offense charged was one hundred dollars," this court said: " The judgment of the police court in the case before us is certainly void, because it is not one which includes any judgment which that court has jurisdiction to render in such a case."

And the judgment in this case under which the petitioner is held in custody is certainly void, because it is one which the court had no authority in law to render.

The judgment consists of two distinct portions: 1. That the defendant pay a fine; 2. That in default in the payment of the fine he be imprisoned at the rate of one day for each two dollars of the fine. These portions of the judgment are of equal gravity and equally require sound law upon which to stand.

I thought this court went too far in its construction of section 1446 of the Penal Code in *Ex parte Erdmann, ante,* p. 579, and now the construction placed upon this section in the foregoing opinion would render it unrecognizable by the legislature that created it, and cannot be supported by any well-settled principles of statutory construction.

Whatever power the recorder had to imprison for the non-payment of the fine, he got by virtue of this section of the Penal Code; and his power is measured by the section. The section is not mandatory in requiring him to render a judgment of imprisonment in case of default in the payment of the fine; that is discretionary with

the recorder; but when he exercises that discretion, as in this case, it is mandatory that he exercise it in the terms and in the manner fixed by the section.

If petitioner can be imprisoned at the rate of two dollars for each day of imprisonment, he can be imprisoned at the rate of one hundred dollars for each day of imprisonment, and the statute thus practically annulled.

The section provides that the judgment shall be in the proportion of one day's imprisonment for every dollar of the fine. If the recorder has the discretion to disturb that proportion by making the judgment one day for each two dollars of the fine, we see no reason why his discretion does not equally extend to the right of making the judgment two days for each one dollar of the fine.

This court cannot by a decision, or by a line of decisions, repeal a statute; and the result of the construction given this section, in effect, is to repeal it and create a new section in lieu thereof, providing that a judgment that a defendant pay a fine may also direct that he be imprisoned until the fine be satisfied in the proportion of one day's imprisonment for as many dollars of the fine as the recorder, in his discretion, may deem proper.

*Ex parte Baldwin,* 60 Cal. 435, supports the foregoing views.

It would seem that the judgment is not simply erroneous, but void. Conceding the court had jurisdiction of the offense charged, and the defendant, it had no jurisdiction to render such a judgment; it was a judgment not authorized by law, and therefore void.