[Crim. No. 492. In Bank.—July 10, 1899.]

THE PEOPLE, Respondent, v. HARRY WINTERS, Appellant.

CRIMINAL LAW—HOMICIDE—INSTRUCTION—REASONABLE DOUBT.—Upon the trial of a defendant charged with murder, where the court has given a full and correct instruction upon the subject of reasonable doubt, it is not erroneous, or objectionable as being argumentative in form, to instruct the jury that "the doubt which acquits a defendant on trial on a charge of crime must be a reasonable doubt in the sense mentioned, and no other."

ID.—INSTRUCTION AS TO DISTRUST OF FALSE WITNESS.—An instruction "that a witness ascertained or appearing to be willfully false in one part of his testimony, as to the truth or falsity of a given proposition, is to be distrusted in other parts," though somewhat out of the ordinary form, is not substantially objectionable.

Id.—Instruction as to Alibi—Defense—Proof—Reasonable Doubt.—A statement in an instruction upon the subject of alibi, that "such a defense is as proper and legitimate, if proved, as any other defense," is not strictly correct. An alibi is not matter of defense; and the words, "if proved," standing alone, would be misleading. But where such statement is immediately followed by the statement to the jury that if the evidence is sufficient to raise a reasonable doubt as to whether the defendant was in some other place when the crime was committed, or not present at the time and place of its commission, they should give him the benefit of the doubt and acquit him, the instruction, as a whole, is not misleading.

Id.—Requested Instruction as to Alibi.—An instruction requested by the defendant upon the subject of alibi, which assumes to give defendant the benefit of any doubt raised, omitting the qualification of reasonable doubt, is properly refused.

Id.—Argumentative Instruction—Identity of Defendant.—An argumentative instruction as to the identity of the defendant, based upon the facts, and not containing any proposition of law, is properly refused.

Id.—Instruction as to Defendant's Testimony—Province of Jury.—A requested instruction that the jury "are not permitted under the law to discredit or reject the testimony of the defendant, simply on the ground that he is accused and on trial on a criminal charge," is properly refused, as being upon matter of fact, and not of law, and as invading the province of the jury, who are the sole judges of the credit to be given to the testimony of any witness.

Id.—Continuance—Insufficient Showing.—A continuance on the ground of the absence of witnesses for the defendant is properly refused, where the affidavits therefor do not show that the defendant has used any diligence to secure their attendance, or that their attendance could be procured at a subsequent day, if the continuance had been granted.

Id.—Evidence—Declarations of Coconspirator—Hearsay—Error Without Prejudice.—Declarations of a conspirator with the defendant, made after his arrest, and not in the presence of the defendant, as to whence he came, where he was going, and what was his business, are inadmissible hearsay, but if there is nothing in the declarations tending to implicate either the defendant or the declarant, the error in admitting them is without prejudice.

Id.—Identification of Pistol Purchased by Defendant.—Where the homicide was in fact committed by the coconspirator, it is proper to identify a pistol found upon him as a pistol purchased by the defendant, as tending to connect the defendant with the commission of the crime.

APPEAL from a judgment of the Superior Court of San Mateo County and from an order denying a new trial. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Nagle & Nagle, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

GAROUTTE J.—The defendant has been convicted of the crime of murder, and the death penalty adjudged. Upon appeal, he complains of various errors of law committed by the trial court.

A very full instruction upon the law of "reasonable doubt" was given to the jury, and it was therein said: "You are instructed that the doubt which acquits a defendant on trial on a charge of crime must be a reasonable doubt in the sense mentioned and no other." Inasmuch as the instruction contained a full and sound statement of the law bearing upon the matter of reasonable doubt, there can be no valid objection to the foregoing language used by the court. Neither is the instruction susceptible to the objection that it is argumentative in form.

The following instruction was given: "You understand, of course, that a witness ascertained or appearing to be willfully false in one part of his testimony as to the truth or falsity of a given proposition of fact, is to be distrusted in other parts." While this instruction is somewhat out of the ordinary form bearing upon the subject matter covered by it, still we find no substantial objection to it.

Upon the question of alibi the court said to the jury: "Such a defense is as proper and legitimate, if proved, as any other defense, and all the evidence bearing upon that point, if any, should be considered by you; and if, in view of all the evidence, you have any reasonable doubt as to whether the defendant was in some other place when the crime was committed, you should give the defendant the benefit of the doubt. In other words, the defendant is not bound or required to prove an alibi beyond a reasonable doubt to entitle him to an acquittal. It is sufficient if the evidence upon that point, if any, raises a reasonable doubt in your minds of his presence at the time and place of the commission of the crime charged." Taken as a whole, this instruction is correct. In substance it states the law.

There are a few expressions contained therein which could well
have been omitted. As, for instance, strictly speaking, the mat-
ter of alibi is not a matter of defense. Again, the jury were
told: "That such a defense is as proper and legitimate, if proved,
as any other defense." The words "if proved," standing alone,
would be seriously misleading, for an alibi in no sense in order
to be successfully invoked need be proved, as that word is ordi-
narily used. (See *People v. Roberts,* 122 Cal. 377.) But it is
perfectly evident from the context, taking the entire instruc-
tion together, that the court, in using those words, simply in-
tended them to mean a sufficient degree of proof to raise a rea-
sonable doubt in the minds of the jury. We find many courts
and law-writers referring to an alibi as matter of defense, and
also stating that it must be proved by defendant. We doubt the
legal propriety of using either one of these expressions in those
jurisdictions where it is held that an alibi is sufficiently estab-
lished when a reasonable doubt is raised in the minds of the
jurors as to the presence of the defendant at the scene of the
crime. Yet these terms are used and held unobjectionable in all
those instructions where the jury are clearly and fully told that
a reasonable doubt in their minds as to the presence of the de-
fendant at the scene of the homicide entitles him to an acquit-
tal. In all those cases the word "proved" is held to mean the
production of sufficient evidence to raise a reasonable doubt.

We find these terms used in that standard work, the Amer-
ican and English Encyclopedia of Law, second edition, page 56,
where it is said: "The true doctrine seems to be that where the
state has established a *prima facie* case, and the defendant re-
lies upon the defense of alibi, the burden is upon him to prove
it, not beyond a reasonable doubt, nor by a preponderance of
the evidence, but by such evidence, and to such a degree of
certainty, as will, when the whole evidence is considered, create
and leave in the mind of the jury a reasonable doubt of the
guilt of the accused." An abundance of authority is there cited
where the law is stated to the same effect. See, also, *State v.
Thornton,* 10 S. Dak. 349, in which case the whole question is
exhaustively discussed and a similar instruction to that here
given approved. Again we say we do not indorse the statement,
"An alibi, if proved, is a good defense," as a strictly correct

statement of a proposition of law. Yet, in view of the fact that in the same instruction and almost in the same line of the instruction we find the court telling the jury that if a reasonable doubt is raised in their minds from the evidence as to the presence of the defendant at the scene of the homicide, then such doubt entitled him to an acquittal, it cannot be possible that the jury misunderstood the law.

In this same instruction it is also said: "In other words, the defendant is not bound or required to prove an alibi beyond a reasonable doubt to entitle him to an acquittal." This statement is eminently true as a proposition of law, but not necessary to be stated in view of the other portions of the instruction. Yet, being given, it could well have been supplemented by the additional statement that not even a preponderance of evidence was necessary to sustain a claim of alibi. This, in effect, was stated when the charge declared in terms, that if a reasonable doubt was raised in the minds of the jurors from the evidence as to the defendant's presence at the scene of the homicide, then he was entitled to the benefit of such doubt and an acquittal.

That portion of the instruction referring to the defendant being "in some other place when the crime was committed" we believe is clearly correct. The instruction offered by defendant, and which was refused, upon the question of identity, was properly refused. It did not contain a statement of a principle of law, but an argument based upon facts.

The instruction offered by defendant and refused, bearing upon the question of alibi, was properly refused. It omits the all-important qualification that the doubt must be a *reasonable* doubt. This court has repeatedly held such an instruction fatally defective.

Complaint is made by reason of the court's refusal to give the following instruction: "The defendant has offered himself as a witness, and has taken the stand as such in his own behalf. This is his legal right, and you are not permitted under the law to discredit or reject his testimony simply on the ground that he is accused and on trial on a criminal charge." We have repeatedly cautioned trial courts upon the inadvisability of giving instructions to the jury tending to discredit the testimony of the

defendant. A long line of modern cases to this effect may be found in our state reports. Such instructions rest upon the border line of error, as trespassing upon the constitutional rights of the jurors in weighing and testing the credibility of witnesses. As has been often said, that class of instructions will be limited within the strictest lines. In this case it is now asked for a reversal of the judgment because an instruction in behalf of defendant incorporating this principle of law has been refused. We are clear that it was properly refused. The credit to be given the testimony of every witness, the defendant and all other witnesses, is a matter for the jury alone—a matter with which the court has nothing to do. It is a matter of fact, not a matter of law.

Defendant's showing for a continuance is wholly inadequate. It is not disclosed by his affidavits that he had used any diligence to secure the attendance of the two witnesses to which reference is made and whose presence he desired; and there is nothing whatever to indicate that their attendance could have been procured at a subsequent day if a continuance had been granted.

It is claimed that the defendant and one Raymond entered into a conspiracy to burglarize in the night-time the Grand Hotel, situated in the village of Baden, near the city of San Francisco, and that while so engaged the alarm was given, the proprietors and others appeared upon the scene, and in the disturbance ensuing one Andrews, a boarder at the hotel, was killed by the defendant's confederate Raymond. The robbers escaped, and one Herve, a policeman, arrested Raymond a few hours later traveling upon the highway. At that time Raymond had in his possession a pistol which had been recently discharged, and possessed four empty chambers. Defendant's confederate had fired four shots from a pistol at the time of the murder. This pistol was one which defendant had secured from a shopkeeper some weeks prior to the killing. The witness, moreover, testified to a conversation had with Raymond at the time of his arrest as to his identity, from whence he came, where he was going, and his business, et cetera. The witness Burke, a policeman, who received Raymond from the hands of Herve at the jail, also testified to a conversation had with Raymond at that time. These

conversations were of the same general import. All of this evidence was admitted under objection of defendant, which objections were to the effect that it was hearsay; that defendant was not present at the time, and could not be bound by it; and that, even conceding the existence of a conspiracy between defendant and Raymond, at this time it was a thing of the past. To a large measure these objections of defendant to the admissibility of this evidence were eminently sound. (*People v. Oldham,* 111 Cal. 648; *People v. Opie,* 123 Cal. 294.) It was well to identify the pistol found upon Raymond as the pistol formerly purchased by the defendant Winters. Such evidence had a direct tendency to connect Winters with the commission of the offense; but declarations of Raymond made subsequent to the killing, not in the presence of the defendant, were the purest hearsay, and clearly inadmissible. Yet, upon a careful examination of those declarations, we find nothing therein stated which in any way was prejudicial to defendant. His name was not mentioned. Nothing whatever was said by Raymond which even by implication connected him with the crime. Indeed, Raymond said nothing in any way implicating himself. The error committed by the trial court, therefore, in the admission of this evidence was purely abstract, and furnished no ground for a new trial.

The remaining points urged by defendant possess no merit.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., McFarland, J., and Van Dyke, J., concurred.

HENSHAW, J. (dissenting).—I am of opinion that the court erred not only in the instruction which it gave upon the subject of alibi, but as well in the instruction asked by defendant which it refused to give. The defendant's whole case rested upon an alibi. If the law upon this subject was improperly placed before the jury the injury which thereby resulted to defendant certainly entitles him to a new trial.

The defendant asked the court to charge the jury as follows: "An alibi simply means that the accused was at another place at the time of the commission of the crime, and therefore could not have committed it; and I instruct you that this defense is

as legitimate and proper as any other defense. All the evidence bearing upon this defense should be carefully considered by you. If the testimony on this subject, considered with all the other evidence in the case, is sufficient to raise a doubt in your mind as to the guilt of the defendant, you should acquit him. The accused is not required to prove the defense of an alibi beyond a reasonable doubt, or even by a preponderance of evidence. It is sufficient if the evidence upon that point raises a doubt of his presence at the time and place of the commission of the crime charged, and, if it has done so, he is entitled to an acquittal. The attempt of the accused to prove an alibi does not shift the burden of proof from the state, but the state is bound to prove his presence beyond a reasonable doubt.

As applied to the facts in this case, the foregoing instruction is unimpeachable in its law, unless it be said that the failure to qualify "a doubt" by the adjective "reasonable" justified the court in refusing to give it. But I think the court was not justified, for the instructions are to be construed together, and elsewhere the court had in precise language told the jury "that the doubt which acquits a defendant on a trial on a charge of crime must be a reasonable doubt in the sense mentioned and no other." But if it shall be conceded that the court was justified in refusing to give the offered instruction for the indicated reason, it will be found even more difficult to uphold the instruction which the court actually did give. That instruction is as follows: "One of the defenses interposed by the defendant in this case is what is known in law as an alibi. An alibi in law simply means that the defendant was not there; or, to state it more definitely, a defendant who sets up an alibi shows such a state of facts surrounding his whereabouts as to the particular time the crime was committed as would make it practically improbable or impossible for him to have committed the offense charged. The court instructs you that such a defense is as proper and legitimate, if proved, as any other defense, and all the evidence bearing upon that point, if any, should be considered by you, and if, in view of all the evidence, you have any reasonable doubt as to whether the defendant was in some other place when the crime was committed, you should give the defendant the benefit of the doubt. In other words, the defendant

is not bound or required to prove an alibi beyond a reasonable doubt to entitle him to an acquittal. It is sufficient if the evidence upon that point, if any, raises a reasonable doubt in your minds of his presence at the time and place of the commission of the crime charged."

By this instruction the jury is first charged that a defendant who "sets up an alibi" is to show such a state of facts touching his whereabouts at the time of the commission of the crime as would make it "practically improbable or impossible" for him to have committed it. Such is not the law. One who is alibi is elsewhere than at the place of the crime at the time of its commission. A defendant who rests his defense upon an alibi is not required by his evidence to make it "practically improbable or impossible" for him to have committed the offense. It is necessary for him only to introduce evidence sufficient to create in the minds of the jurors a reasonable doubt whether or not he was at the scene of the crime at the time of its commission. The vice of the instruction lies in informing the jury that the defendant must prove that he was elsewhere so as to make it practically improbable or impossible for him to have committed the crime. This error is emphasized in the succeeding sentence, where the court informs the jury that the defense of alibi "is as proper and legitimate, if proved, as any other defense." In *People v. Roberts*, 122 Cal. 377, a new trial was ordered for an error of the court in instructing the jury upon the question of alibi that "when satisfactorily proven it is a good defense in law." Herein is a clear declaration that it is incumbent upon the defendant to prove his presence *alibi*. Again, the court declared that if the jury had "any reasonable doubt as to whether the defendant was in some other place when the crime was committed" the defendant should receive the benefit of the doubt, but here there is an entire misconception of the point to which the reasonable doubt should be directed. If a man charged with the commission of a crime in San Francisco should offer evidence under an alibi that he was in New York, the jury might entertain a reasonable doubt whether or not he was in New York, or more than that, they might positively believe that he was not in New York, but before they could convict him they should be satisfied beyond a reasonable doubt that

he was in San Francisco; or if—phrasing it otherwise—from all the evidence they did entertain a reasonable doubt whether or not he was in San Francisco at the time of the commission of the crime, the prosecution would have failed to establish their case with the certainty required, and the defendant would be entitled to an acquittal. This proposition is declared in the last sentence of the instruction, but the instruction itself is conflicting and contradictory in its declarations, for the jury were as justified in believing from it that the defendant must prove that he was elsewhere as they were in believing that the law required only that the defendant's evidence should create in their minds a reasonable doubt. It needs no citation of authority to the point that contradictory and conflicting instructions upon the same proposition are prejudicially erroneous, and for this reason I think the defendant is entitled to a new trial.

Still further, the instruction "that the witness ascertained or appearing to be willfully false in one part of his testimony as to the truth or falsity of a given proposition of fact is to be distrusted in other parts," is erroneous and misleading. It is not the "appearance" of giving false testimony; it is the belief that false testimony has been given which invokes and excites distrust and caution. Moreover, as given, the instruction omits the very important element that the willful, false testimony must be given upon a material matter. (*People v. Plyer,* 121 Cal. 160.)

Temple, J., and Beatty, C. J., concurred.

Rehearing denied.