## THE PEOPLE *v.* LAVIOSA.

### APPEAL from the District Court of Mayagüez.

No. 106.—Decided October 30, 1907.

APPEAL—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—In the absence of a bill of exceptions or statement of facts containing the evidence introduced at the trial, only such documents as constitute the judgment roll may be considered on appeal.

ID.—APPEAL FROM MUNICIPAL COURTS.—In appeals from municipal courts, district courts must proceed to try the case *de novo* upon the original complaint and after the evidence is taken and the parties are heard, such judgment as may be .proper must be rendered absolutely independent of the judgment rendered by the municipal court.

Fine — Costs — Subsidiary Imprisonment — Justice Courts — Municipal Courts.—Subsidiary imprisonment imposed by justice courts and municipal courts for failure to pay a fine and costs, must be at the rate of one day for each 50 cents of the fine and costs, and such courts have no discretion either to increase or diminish the term of imprisonment so calculated. Such imprisonment, however, must not exceed the term of 90 days.

Id.—District Courts.—District courts have the power to impose subsidiary imprisonment for failure to pay a fine, but such imprisonment must not exceed one day for each dollar of the fine and the term of imprisonment may be less, but such courts have not the power to imprison defendants for failure to pay costs, and the whole term of the imprisonment to which a defendant may be so condemned must not exceed the term to which he might be condemned for the commission of the crime.

Judgments in Criminal Cases.—Compliance with judgments rendered in criminal cases must not be left to the election of the accused, and where a defendant is condemned to pay a fine, it must be stated therein that upon failure to pay such fine, he shall be imprisoned for the proper term or until such fine shall have been paid.

The facts are stated in the opinion.

*Mr. Feliu* for appellant.

*Mr. Rossy, fiscal,* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

This is an appeal from the District Court of Mayagüez taken by the defendant from a judgment of conviction for breach of the law against the public health. On the 24th of December, 1906, Insular Policeman Herminio P. Pacheco presented before the Municipal Court of San Germán a complaint against one Rafael Laviosa, charging him with having kept burning a charcoal kiln for several days prior to the date of the said complaint, and that the same constituted a public nuisance in that locality, and did great damage to certain persons who were in good health, as well as to others who were sick, at the same time furnishing in the complaint the names of certain persons who had suffered damage from the smoke of said coal kiln.

A trial was had in the municipal court, and the accused was condemned to pay a fine of $10 and the costs, and in default of such payment, to suffer one day of imprisonment for each 50 cents of the said amount which remained to be satisfied. An appeal was taken from this judgment of the

Municipal Court to the District Court of Mayagüez, and after a new trial was had and evidence taken the same judgment was rendered as in the court below, to wit, a fine of $10, or 20 days in jail, and the payment of the costs. This judgment is appealed from, without presenting in this court any bill of exceptions or statement of facts. Of course in the absence of a bill of exceptions or statement of the facts, or a statement of the case, as has been often here decided, nothing can be looked to except the bare record containing the judgment roll—that is to say, in this case, the complaint and the judgment itself.

The district court appears in the case at bar, as well as the same courts have done in other cases, to have mistaken its functions, and to have considered itself a court of revision and appeal—that is to say, that it had authority and that it was incumbent upon the said court to review and revise and correct, and thereupon to reverse or affirm the judgments of the inferior courts, to wit, the municipal courts, and courts of Justices of the Peace. Such is not the province of the district court in cases of this kind. It is well established by law that in such cases the district court shall proceed to try the case *de novo,* without regard to the trial had or the evidence heard in the municipal court. (Code of Criminal Procedure, sec. 3.) It is true the case is tried upon the complaint presented in the municipal court, and the same witnesses are heard, perhaps, but there may be more or fewer, as circumstances may direct. The district court, after hearing all the pleadings and evidence, argument of counsel, and taking such other steps as may be necessary to be credibly informed as to the law and the facts governing the case, must then render its decision entirely independent of any decision rendered by the inferior court. We have heretofore held this to be the proper practice in the case of *The People of Porto Rico* v. *Pascasio Rivera,* in two cases in which judgments were rendered here during the present month.

From an inspection of the record only one error appears to have been committed by the district court, and that can be corrected here without the necessity of remanding the case to the court below. The district court in imposing the alternative punishment of imprisonment in case of the nonpayment of the fine and the costs assessed such imprisonment at the rate of 50 cents per day for the amount of the fine. This was the same rate fixed by the municipal court. In the municipal court this was correct, but not in the district court. Two different rules govern the said courts in this matter. They are found in sections 54, 322 and 323 of the Code of Criminal Procedure, and they have been established and explained by this court in at least five cases, in which judgments and opinions were rendered, as follows, to wit:

"*Guadalupe Andino, Ex parte,* decided on 20th May, 1905; *Benito Delgado, Ex parte,* decided 25th April, 1907; *People of Porto Rico* v. *Gabriel Díaz,* decided on the 6th of May, 1907; *People of Porto Rico* v. *José Maiz,* decided on the 2d of June, 1907; *People of Porto Rico* v. *Manuel M. Paz,* decided on the 29th of June, 1907."

The rule to be observed by courts of Justices of the Peace and municipal courts is found in section 54 of the Code of Criminal Procedure, which reads as follows:

"When the judgment is rendered against a defendant that he pay a fine and the costs of said proceeding, should he fail to do so at once the justice shall commit him to jail to be confined one day for each 50 cents of fine and costs remaining unpaid; said imprisonment in the aggregate shall not exceed 90 days."

It appears that these courts are required to fix the fine, and then to adjust the alternative imprisonment, in case the fine and costs are not paid, at the rate of 50 cents per day, to the extent of the fine and costs, and that no discretion is allowed to make the imprisonment more or less than that rate; provided, of course, as prescribed in the law, that the imprisonment shall not exceed 90 days—that is to say, if the fine

and costs amount to more than $45, the imprisonment shall not be extended at the same rate, but shall stop at 90 days' time, no matter what may be the amount of the fine and costs.

The rule prescribed for the alternative imprisonment by the district court is fixed in sections 322 and 323 of the Code of Criminal Procedure, which sections read as follows:

"Section 322. A judgment that the defendant pay a fine may also direct that he imprisoned until the fine be satisfied. But the judgment must specify the extent of the imprisonment, which must not exceed one day for every dollar of the fine, nor extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted.

"Section 323. Whenever any defendant is committed to jail for the failure to pay any fine and costs adjudged against him, and has failed to prove to the satisfaction of the court, or judge thereof, that he is unable to pay the same, or any part thereof, the court must order that he be discharged from custody when he has served one day for every dollar of such fine; but this does not discharge the judgment for fine and costs, which may at any time thereafter, within the time limited by law, be collected upon execution issued thereon."

The rate there is fixed at $1 per day up to the amount of the fine; provided, that it should not extend in any case beyond the term for which any defendant might be sentenced to imprisonment for the offense for which he has been convicted. It will be noticed that in the district court no account is taken of the costs, as is the case in the justice courts, and the district courts are also allowed a discretion in the matter which enables them to fix the imprisonment at any period less than it would amount to at the rate of $1 per day for the amount of the fine; provided, of course, that it must not exceed the said amount nor the term for which he might be sentenced on conviction as mentioned above.

The *fiscal* in his argument cites us to two sections of the Penal Code of California, to wit, sections 1446 and 1205, stating that the former is identical with section 54 of our Code of Criminal Procedure, and the latter with section 322

of the same code. This statement is inaccurate. Section 1446 of the Penal Code of California is very different from section 54 of our Code of Criminal Procedure, as will be seen by comparing one with the other. However, section 1205 of the Penal Code of California is substantially like section 322 of the Code of Criminal Procedure of Porto Rico, the only difference being the substitution of $1 in the Porto Rican Code, in place of $2 in the California Code.

We are also cited by counsel to the case of *Erdmann, Ex parte,* in 88 Cal., 580, which construes section 1205 of the Penal Code of that State. With this opinion we entirely agree, and have heretofore made decisions in accordance therewith. But he also cites us to the case of *Soto, Ex parte,* 88 Cal., 624, which was decided by a divided court, quoting the opinion rendered by Chief Justice Beatty, with the concurrence of Associate Justices Paterson and McFarland, which held that section 1446 of the Penal Code of California gives to a justice of the peace or a recorder a discretion to fix any rate of imprisonment within the maximum prescribed by the statute of one day of imprisonment for every dollar of the fine. From this opinion Associate Justices De Haven and Harrison dissented as far as the construction of the statute was concerned, but agreed that the judgment being merely voidable and not void, that the decision of the court to remand the prisoner should prevail. However, Associate Justice Garoutte dissented entirely from the opinion of the court, basing his dissent upon the cases of *Bernert, Ex parte,* 62 Cal., 524, and *Baldwin, Ex parte,* 60 Cal., 435. It is not necessary for us to discuss these opinions, as in our view it may be reasonably held that section 1446 of the Penal Code of California vests a discretion in the court, but this does not induce us to decide that section 54 of our Code of Criminal Procedure does likewise. Our statute is plain and needs no interpretation; and in such cases the statute is generally found to be

clearer than the opinion of the court attempting to place a construction on the same.

There is a very substantial difference appearing between the language used in section 54 and section 322 of our Code of Criminal Procedure. In the latter section a discretion is permitted, but in the former there is none. If it was intended to give a discretion in both cases, the same words would have been used. We cannot regard the California cases as authority in the present case.

In the case at bar the imprisonment imposed by the court below is for 20 days instead of 10 days fixed as the limit by those sections of the Code of Criminal Procedure heretofore quoted. This is manifestly erroneous.

It has also come to the attention of this court that in many of these cases, in fact nearly all, the form of the judgment rendered both by the district courts and the municipal courts, as well as those of Justices of the Peace, is too brief to be clear. For instance, in this case the district court declares "Rafael Laviosa guilty and therefore condemns him to the penalty of $10 fine or 20 days in jail and the costs." It should say that "Rafael Laviosa being found guilty is therefore condemned to pay to The People of Porto Rico a fine of $10 and all costs of this proceeding, and should he fail promptly to pay such fine he shall be committed to the district jail for a period of 10 days, or until such fine is fully paid." By using a form identical with or similar to the one indicated, it will clearly appear that the imprisonment is an alternative punishment for the nonpayment of the fine, which it is intended to be under the statute.

In the case at bar the judgment should be reformed so as to make the alternative imprisonment of the defendant 10 days instead of 20, as prescribed in the court below.

For the reasons herein stated, the judgment of this Supreme Court should be that the judgment of the district court

should be modified as heretofore indicated, and after such modification, affirmed, with the costs against the appellant.

*Accordingly decided.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.