[Crim. No. 64.   Second Appellate District.—November 21, 1907.]

## THE PEOPLE, Respondent, v. LEO MONREAL, Appellant.

CRIMINAL LAW—PERJURY—INSTRUCTIONS—MATERIALITY OF FALSE TESTIMONY—EFFECT OF CHARGE.—Where certain statements were set out at length in the information for perjury, which were material under the issues raised by the pleadings in the action in which the perjury was committed, a charge to the jury that unless it found such statements were testified to by the defendant and that they were false, they should acquit, could only in effect be a charge that such statements only were material; and a further charge that if the jury found all of the statements contained in the information to have been false it should convict could not prejudice the defendant, if some of the statements were immaterial, for if the material matters were established, the falsity of immaterial matters could not prejudice the defendant.

ID.—EVIDENCE PROPERLY REFUSED—IMPEACHMENT OF WITNESS BY PARTICULAR ACTS.—The court properly rejected testimony to show that a witness had been guilty of adultery shortly before offering herself as a witness, and that her husband administered punishment to a man found in her room. Such acts did not bear upon the matter in issue.

ID.—CREDIBILITY OF DEFENDANT AS A WITNESS—INSTRUCTION PROPERLY REFUSED.—The court properly refused a charge requested by defendant in relation to his credibility as a witness.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

F. W. Allender, and A. A. Sturges, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—The defendant, convicted of the crime of perjury, appeals from the judgment and an order denying a new trial.

The perjury charge was false testimony in a certain divorce proceeding. This testimony which is claimed to be false is set out at great length in the information, and its falsity in every particular was averred and clearly established. Certain statements appearing in the information were material under the issues presented by the pleadings. The court charged the jury that unless it found such statements were testified to by defendant, and that they were false, that it should acquit. The effect of such charge could only be in the nature of an instruction that such statements only were material. The other charge, that if it found all of the statements contained in the information to have been false it should convict, could not prejudice the defendant, even were some of them immaterial; for if the material matters were false the charge is established, and the finding by the jury that other matters not material were also false could work no injury. For the same reason, the action of the court in admitting evidence of the brand of beer used and the price paid therefor was not prejudicial error, even were it not admissible as tending to discredit the evidence of the defendant in other material matters, which we are not prepared to affirm.

The court refused to admit testimony tending to show that a witness had been guilty of adultery shortly before offering herself as a witness, and, further, that her husband administered punishment to a man found in her room. There was no error in this (Code Civ. Proc., sec. 2051; *Estate of James,* 124 Cal. 656, [57 Pac. 578, 1008]), the acts not bearing upon the matter in issue. (*Barkly* v. *Copeland,* 86 Cal. 487, [25 Pac. 1].)

The trial court refused a charge requested by defendant in relation to the credibility of the defendant as a witness. We find no error in refusing such instruction. (*People* v. *Winters,* 125 Cal. 329, [57 Pac. 1067]; *People* v. *Ross,* 134 Cal. 256, [66 Pac. 229].)

The judgment and order should be affirmed, and it is so ordered.

Shaw, J., and Taggart, J., concurred.