[Crim. No. 72. Second Appellate District.—February 25, 1908.]

THE PEOPLE, Respondent, v. HARRISON OLIVER, Appellant.

CRIMINAL LAW—SENTENCE FOR LESS THAN MINIMUM TERM NOT VOID—ERROR NOT CORRECTIBLE TO DETRIMENT OF APPELLANT.—Where a defendant accused of grand larceny and of a prior conviction for burglary pleaded guilty of the prior conviction, and upon a. plea of not guilty of the grand larceny was found guilty thereof, a sentence for seven years, which is three years less than the minimum provided by law in such case, is not void, and will not be corrected to the detriment of the defendant upon his appeal.

ID.—CROSS-EXAMINATION OF DEFENDANT AS WITNESS—IMPEACHMENT—PRIOR CONVICTION OF FELONY—CONSTRUCTION OF CODE—WAIVER. When the defendant becomes a witness in his own behalf, he becomes subject to all the ordinary rules of evidence, and his truth, honesty and integrity being in issue, he may be asked on cross-examination if he had ever been convicted of a felony. The provision of section 1025 of the Penal Code, that if defendant has suffered a previous conviction, and has pleaded guilty thereof, it shall not be read to the jury nor commented on at the trial, is not intended to prevent the asking of such general question upon cross-examination of the defendant as a witness in his own behalf. By becoming such witness, he waives the protection of that section of code.

ID.—EXCLUSION OF WITNESSES AT TRIAL—DISCRETION.—The exclusion from the trial of the witnesses for the prosecution, at the request of the defendant, is not an absolute right in all cases, but rests in the sound discretion of the court, which has power to specially except one or more witnesses from the operation of an order made for this purpose; and a suggestion of an abuse of discretion made for the first time in the appellate court cannot be considered in the absence of any showing in the record.

ID.—PROPER REFUSAL OF REQUESTED INSTRUCTIONS.—The superior court properly refused an instruction requested by the defendant, as to the weight to be given to his testimony, and other requested instructions which were duplicates of those given by the court; nor will the refusal of a requested instruction be considered where no error therein is specified in the record or presented in the briefs.

ID.—DENIAL OF MOTION IN ARREST OF JUDGMENT—NONAPPEALABLE. ORDER.—An order denying a motion in arrest of judgment is not appealable, and will not be considered upon appeal from the judgment where no error appears therein.

ID.—SUPPORT OF VERDICT.—Where the evidence for the people sustains the verdict in every respect, its truthfulness was a question for the jury, and this court will not disturb its finding for alleged insufficiency of the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from orders denying a new trial, and denying a motion in arrest of judgment.  B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Henry H. Roser, J. C. Crouch, and M. C. Hester, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Defendant was informed against for the crime of grand larceny, and by the information also accused of a previous conviction of burglary.  He confessed the previous conviction and pleaded not guilty to the charge of grand larceny.

Upon the trial of the offense charged the jury returned a verdict of guilty, and the defendant was sentenced to imprisonment in the state prison for the term of seven years.

He appeals from the judgment, from an order of the trial court denying his motion for a new trial, and from an order of that court overruling his motion in arrest of judgment.

The first point made on the appeal is that the sentence imposed (seven years) is less than the minimum term of imprisonment provided by the statute (Pen. Code, sec. 666) in cases of conviction of grand larceny after a previous conviction of burglary (ten years), and therefore void.  As said in *In re Reed,* 143 Cal. 634, [101 Am. St. Rep. 138, 77 Pac. 660], such a judgment is not void; it is within and not in excess of the statute (*Ex parte Soto,* 88 Cal. 629, [26 Pac. 530]).  Even where the term imposed is in excess of the maximum fixed by the statute, it is merely erroneous, and if the judgment be reversed for this reason, the appellate court will remand the cause with directions to proceed to judgment on the verdict.  (*People* v. *Riley,* 48 Cal. 549.)

The application of such a rule to the case at bar would result in inflicting a penalty upon the defendant for appeal-

ing from the erroneous action of the trial court. This is not
the policy of the law, which appears to be that where a de-
fendant complains of an error in his own favor, such error
will not be corrected to his detriment. For instance, where
a verdict was set aside and a new trial granted by the trial
court on the ground that the verdict was *too favorable* to the
defendant, the supreme court reversed the order and directed
the trial court to proceed to pronounce judgment on the ver-
dict rendered. (*People* v. *Muhlner,* 115 Cal. 303, [47 Pac.
128].) The court applied to the case simply the rule that the
error committed not being to the prejudice of the defendant,
he cannot complain of a determination of his case more
favorable to him than the evidence warranted. (*People* v.
*Barnhart,* 59 Cal. 381; *People* v. *Maroney,* 109 Cal. 279, [41
Pac. 1097] ; Pen. Code, sec. 1404.)

The defendant was a witness upon his own behalf, and the
district attorney was permitted, against objection, to ask him,
on cross-examination, if he had ever been convicted of a fel-
ony. This is assigned as error and a violation of the pro-
visions of section 1025 of the Penal Code, that "In case the
defendant pleads not guilty and answers that he has suffered
the previous conviction, the charge of the previous conviction
must not be read to the jury, *nor alluded to on the trial."*
The previous conviction charged in the information was a
specific "burglary," while the question of the district at-
torney was addressed to a "felony" generally; so that it can
hardly be said that the conviction which defendant admitted
by his plea was necessarily the same felony referred to by the
district attorney in his question. But if it be conceded that
this distinction cannot be drawn, it was not error to permit
the question to be asked. Prior to the re-enactment of sec-
tion 1025 in 1905 it was held that the direction in section
1093 that "the clerk in reading it (the indictment or in-
formation) shall omit therefrom all that relates to such pre-
vious conviction," did not make it error to ask this question
of defendant upon cross-examination where he had offered
himself as a witness in his own behalf. (*People* v. *Arnold,*
116 Cal. 686, [48 Pac. 803].) The reasons for that opinion,
addressed to the distinction drawn between section 1093 of
the Penal Code and section 2051 of the Code of Civil Pro-
cedure, appear equally applicable here upon a comparison of

the latter section (2051, Code Civ. Proc.) with section 1025 of the Penal Code. Says the court: ''The obvious purpose of this section (Pen. Code, 1093) was to give the defendant the benefit of withholding from the jury a knowledge of such prior conviction in all instances other than where, by the conduct of his own case, the production of such fact is rendered essential to a proper presentation of the case of the people. It was not designed thereby to change or affect the ordinary rules of evidence for the elucidation of truth, to which a defendant, like any other witness, subjects himself upon taking the witness-stand. Under the rule established in this state the defendant's character for truth, honesty and integrity is in issue when he offers himself as a witness, and he thereupon becomes, as held in *People* v. *Hickman,* 113 Cal. 80, 86, [45 Pac. 175], 'subject to the same rules for testing his credibility before the jury, by impeachment or otherwise, as any other witness.' ''

It is clear that it was not the intention of the legislature, by the re-enactment of section 1025, any more than it was by the enactment of section 1323, to give to a defendant the opportunity of making any statements upon his direct examination that he might choose, and preclude the prosecution from testing the truth or falsity of such statements, or to prevent the people from impeaching the defendant's testimony by the same rules applied to the testimony of other witnesses. (*People* v. *Gallagher,* 100 Cal. 476, [35 Pac. 80] ; *People* v. *Bishop,* 134 Cal. 689, [66 Pac. 976] ; *People* v. *Buckley,* 143 Cal. 388, [77 Pac. 169].)

The refusal of the trial court to exclude the witness Wright from the courtroom with the other witnesses, at the request of the defendant, was the exercise of a proper discretion upon the part of the court, no prejudice from its action being shown. The exclusion of the witnesses for prosecution at the request of defendant is not an absolute right in all cases, but rests in the sound discretion of the court (*People* v. *Sam Lung,* 70 Cal. 515, [11 Pac. 673] ; *People* v. *Hong Ah Duck,* 61 Cal. 387; *People* v. *Garnett,* 29 Cal. 622), and this includes the power to specially except one or more witnesses from the operation of an order made for this purpose. It is the general practice, as observed by the court in ruling, to permit some officer, active in the prosecution of the case, to

remain for the purpose of advising the district attorney as to the facts, the interest and character of witnesses, etc. Such a practice is proper, and charges that such officer or witness has abused his privilege should be first brought to the knowledge of the trial court, that they may be corrected, if there be any ground for the charge. Suggestions of such abuse made for the first time in the appellate court cannot be considered in the absence of any showing in the record.

In presenting as error the court's refusal to give certain instructions requested by the defendant, quite a number are mentioned, but no reasons are assigned or argument presented why the action of the court was error. One alone (No. XX) is specifically referred to. This instruction is open to the objection, so often before the court, that it singles out the defendant as a witness to call especial attention to the weight and defects of his testimony and to declare exclusive rules by which his testimony alone is to be considered. It, in effect, instructs the jury that however unworthy of belief they may find the defendant, they must give some weight to his testimony. This is directly in conflict with the rule of evidence that the jury are the sole and exclusive judges of the weight of the testimony and the credibility of the witnesses, which was given in another instruction by the court. The refusal of this instruction was not error. (*People* v. *Winters,* 125 Cal. 329, [57 Pac. 1067] ; *People* v. *Ross,* 134 Cal. 256, [66 Pac. 229] ; *People* v. *Monreal,* 7 Cal. App. 37, [93 Pac. 385].)

Many of the other instructions refused were clearly duplicates of those given by the court, and some were open to the same objection as No. XX, and the court properly refused to give these. If there is any reason why the action of the trial court in refusing to give the other instructions asked by defendant was error, it has neither been specified in the record nor presented in the briefs filed. Nothing being urged and no suggestion made why the trial court's action was erroneous, it is not necessary for us to consider these instructions.

The attempted appeal from the order denying defendant's motion in arrest of judgment is ineffective, as no such appeal is authorized by the code or our system of practice. (*People* v. *Lonnon,* 139 Cal. 635, [73 Pac. 586].) No presentation of any matters which might be considered in connection with

this ruling has been made upon the appeal from the judgment. The order denying the motion for a new trial is also assigned generally as error, without specification, other than that the evidence is insufficient to sustain the verdict and judgment.

Under the latter head, it is contended that the evidence does not establish an exclusive possession of the stolen property by defendant, and that proof of possession is not alone sufficient to sustain a conviction of larceny. The latter proposition may be conceded as a question of law, but it has no application to the facts of the case at bar. The evidence for the people, if true, sustains the verdict in every respect. Its truthfulness was a question for the jury, and this court will not disturb their finding in this regard.

No prejudicial error appearing, the judgment and order denying motion for new trial are affirmed.

Allen, P. J., and Shaw, J., concurred.