[Crim. No. 78. Second Appellate District.—February 28, 1908.]

THE PEOPLE, Respondent, v. RAFAEL V. BORREGO, Appellant.

CRIMINAL LAW—MURDER—SELF-DEFENSE—ERROR IN INSTRUCTING JURY —WEIGHT OF DEFENDANT'S EVIDENCE.—Upon the trial of a defendant charged with murder, where there was evidence for the prosecution tending to show murder, and for the defendant tending to show that he acted in self-defense, it was prejudicial error to instruct the jury that they should consider the situation of the defendant and the manner in which he would be affected by the verdict in determining the weight of his testimony, as being in effect an argument against the defendant upon a matter of fact.

ID.—VERDICT FAVORABLE TO DEFENDANT—MANSLAUGHTER.—Where the defendant was charged with murder and convicted of manslaughter he cannot be heard to complain of that verdict on the ground that the evidence would have justified a conviction for murder. He cannot thus complain of the more favorable verdict on that ground.

ID.—PROPER INSTRUCTION AS TO MANSLAUGHTER.—Every charge of murder includes a charge of manslaughter; and the jury were properly instructed to that effect.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

A. R. Holston, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Defendant was charged with murder, in the killing of one Juan Orosco, and upon trial found guilty of manslaughter. He appeals from the judgment on this verdict, and from an order denying his motion for a new trial.

Orosco, who was a deputy constable, gave a dance at a dance-hall in Los Alamitos, in the county of Orange, on the night of August 25, 1907. Defendant, who had been drinking wine more or less all day, attended the dance and, while in the ballroom, became involved in some trouble with one·Arthur Murrietta, who was Orosco's helper or assistant. There was an exchange of opprobrious names and threats between defendant and Murrietta, and the latter grabbed defendant's hands to prevent him from pulling a weapon. Orosco came up, directed Murrietta to turn the defendant loose, and told the latter he was under arrest. Some of the witnesses for defendant testified that Orosco followed the direction to Murrietta with the further remark, "I will fix him"; and another witness testified that Orosco merely said to the defendant, "You are under arrest, and .I will make it all right in the morning." Defendant thereupon went out of the room, Murrietta and Orosco remaining in the house. In about five minutes after defendant left the room he fired a pistol shot into the ground a short distance from the dance-hall. Thereupon Orosco went out, followed by Murrietta. The former took a step or two from the platform in front of the door and defendant shot him, death following immediately. Orosco half turned and fell into the arms of Murrietta, and then dropped upon the ground.

Orosco and defendant were friends and had had no previous quarrels, and no motive for the shooting appears, except that derived from the statement by the defendant that Orosco was advancing toward him with a gun in his hand, and such motive as can be. inferred from the foregoing facts. But

one other witness testified that Orosco was advancing with a gun in his hand toward defendant when the shooting occurred, although there is evidence that a gun fell upon the ground where Orosco was shot, and circumstances tending to corroborate this statement. Defendant was a witness in his own behalf, and one of but two witnesses who saw the gun in Orosco's hand, rendering his testimony of great moment to his defense.

If the words "I will fix him" were spoken by Orosco they were not heard by the defendant, and his justification of self-defense rests largely upon his own testimony as to Orosco's actions.

Under such circumstances the giving of the instruction (No. 30) calling the especial attention of the jury to the situation of the defendant and the manner in which he would be affected by the verdict, and informing them that they should consider this in determining the weight to be given his statements, and the likelihood of his coloring his testimony, etc., was clearly prejudicial error. The criticism of this instruction by the supreme court in numerous cases, and its repeated cautioning against the giving of it having gone unheeded, it at last declared in *People* v. *Maughs,* 149 Cal. 263, [86 Pac. 187], that in all future cases its giving on behalf of the prosecution would be sufficient to justify a reversal of the judgment. The instruction is, in effect, an argument against the defendant upon a matter of fact, delivered by the court. As said in *People* v. *Winters,* 125 Cal. 330, [57 Pac. 1067], the credit to be given to the testimony of the defendant, like that of any other witness, is a matter with which the court has nothing to do. To give such an instruction is to expressly disparage the defendant, "the very thing that a court has no authority to do, in view of our constitutional provision." (*People* v. *Ryan,* 152 Cal. 364, [92 Pac. 853].)

In so far as they have been presented, we see no error in the refusal of the other instructions asked by the defendant and refused by the court.

No prejudicial error was committed by the trial court in its rulings as to the admission and rejection of testimony complained of, and the assignment of error based upon the misconduct of counsel is withdrawn by appellant in his reply brief.

It is true, as claimed by appellant, that the evidence in the case would have sustained a verdict of murder, but the appellant cannot be heard to complain of a verdict of manslaughter for this reason. Every charge of murder includes manslaughter, and the jury were properly instructed that they might render such a verdict. The doctrine is well settled that the defendant cannot complain because the verdict was more favorable to him than the evidence warranted. (*People* v. *Muhlner*, 115 Cal. 305, [47 Pac. 128].)

Judgment and order reversed and new trial granted.

Allen, P. J., and Shaw, J., concurred.