[Crim. No. 115.    Department One.—May 28, 1896.]

# THE PEOPLE, RESPONDENT, *v.* JEROME HICKMAN, APPELLANT.

CRIMINAL LAW—IMPANELMENT OF JURY—PEREMPTORY CHALLENGES.— When the impanelment of a jury in a criminal case is conducted, as to the time and manner of requiring peremptory challenges, in accordance with the rule established in *People* v. *Scoggins*, 37 Cal. 679, exceptions thereto are without merit.

ID.—DISQUALIFICATION OF JUROR—FORMATION OF OPINION.—A juror who has formed an opinion based upon hearing the sworn evidence taken on a former trial of the same case, is disqualified.

ID.—SPECIAL VENIRE—CHALLENGE TO PANEL — DISCRETION IN EXCUSING JURORS FROM REGULAR PANEL.—Where the necessity for the issuance of a special venire arises from the want of a sufficient number of jurors remaining on the regular list to form a panel, the fact that the depletion of the regular panel arose from liberality in allowing excuses to those summoned thereon, cannot affect the regularity of the special venire, or constitute ground for challenge to the panel of jurors specially summoned, the matter of excuses being one of wide discretion, and nothing being made to appear to show its abuse.

ID.—LARCENY—DECLARATIONS OF DEFENDANT TO CONSTABLE—PRELIMINARY PROOF.—Declarations made by a defendant accused of larceny to the constable who arrested him, not amounting to a confession or acknowledgment of guilt, are admissible in evidence without preliminary proof of their voluntary character, notwithstanding such declarations may, when connected with the facts, tend to establish his guilt.

ID.—IMPEACHMENT OF DEFENDANT AS WITNESS—GENERAL REPUTATION.— Where a defendant presents himself as a witness in his own behalf, he subjects himself to the same rules of testing or impeaching his credibility before the jury, as any other witness; and he may be impeached by the testimony of other witnesses that his general reputation in the community for truth, honor, and integrity is bad.

ID. — FORM OF INQUIRY AS TO GENERAL REPUTATION — WAIVER OF SPECIFIC OBJECTION—APPEAL.—The fact that in questioning two out of seven impeaching witnesses, the term "general" was omitted in making the inquiry as to their knowledge of the defendant's reputation for truth, honesty, and integrity, is not material where the whole manner of the inquiry, and the character of the question asked evinced clearly that it was the general reputation of the impeached witness that was being sought; and where the defendant did not object specifically to the form of the question when put, he cannot be heard to urge such objection upon appeal for the first time.

APPEAL from a judgment of the Superior Court of Tulare County and from an order denying a new trial. WHEATON A. GRAY, Judge.

The facts are stated in the opinion of the court.

*Theo. S. Shaw,* and *E. S. Reichard,* for Appellant.

The court erred in disallowing a challenge to the panel by the defendant, and it abused its discretion to the prejudice of defendant, in excusing nineteen jurors, for trivial excuses, from the regular venire which had been drawn, summoned, and returned in accordance with sections 214, 215, 219, and 225 of the Code of Civil Procedure. (Code Civ. Proc., sec. 201; Thompson & Merriam on Juries, secs. 259, 260; *Smith* v. *Clayton,* 29 N. J. L. 358; *Parsons* v. *State,* 22 Ala. 50–3; *Boles* v. *State,* 13 Smedes & M. 398.) The court had no authority to order a special venire to issue until all the jurors on the regular panel had been examined and the venire exhausted. (Code Civ. Proc., secs. 225–27.) It was prejudicial error to allow the challenge for actual bias to juror Fulkerth. Although he heard some of the evidence on the former trial, and had formed an opinion therefrom, there is nothing in the record to show that he would not, notwithstanding such opinion, act impartially and fairly upon the facts to be submitted to him. (2 Hawkins' Pleas of the Crown, c. 43; *Rex* v. *Edmonds,* 4 Barn. & Ald. 471–92; Pen. Code, secs. 1074, 1076; *People* v. *Cochran,* 61 Cal. 548; Trial of Aaron Burr, vol. 1, p. 416; Chase's Trials, 117; *O'Mara* v. *Commonwealth,* 75 Pa. St. 424–28; *Reynolds* v. *United States,* 98 U. S. 145–56; Thompson & Merriam on Juries, secs. 206, 207; *People* v. *Stout,* 4 Park. C. C. 71, 117.) The grounds of challenge were not sufficiently specific. (Pen. Code, sec. 1073, subd. 2, secs. 1074, 1076; *People* v. *Cotta,* 49 Cal. 168; *People* v. *Cochran, supra.*) The challenge should have been tried by the court as provided in sections 1061 and 1078 of the Penal Code, and the defendant should have been allowed to further question the jurors upon the grounds of challenge. (*Scripps* v. *Reilly,* 38 Mich. 10; *People* v. *Dolan,* 96 Cal. 315.) Defendant had the right to peremptorily challenge a juror or jurors at any time after his appearance in the box before he was sworn, and even after he was sworn and

before the jury is complete. (*People* v. *Jenks,* 24 Cal. 11–14; *People* v. *Weil,* 40 Cal. 270,271; Pen. Code, sec. 1068; *People* v. *Ah You,* 47 Cal. 121; *Silcox* v. *Lang,* 78 Cal. 123; *Hartzell* v. *Commonwealth,* 40 Pa. St. 462; *People* v. *Scoggins,* 37 Cal. 679, 680.) It was prejudicial error to allow witness Templeton to testify as to statements made to him by defendant while under arrest and committed to the custody of the officer, as they were made in confidence and under the inducement that the officer would not disclose them. (1 Greenleaf on Evidence, secs. 223, 228; *People* v. *Thompson,* 84 Cal. 598–606; *People* v. *Barric,* 49 Cal. 345; Bishop's New Criminal Procedure, secs. 1217, 1218, 1222, 1223.) It was error of the court in allowing, and misconduct of the counsel for the people in making, insinuations, and by innuendo charging a material witness for the defense, Thompson, with having changed his testimony, and thereby casting discredit upon him and his testimony when no subsequent proof was offered to discredit or contradict him (*Young* v. *Brady,* 94 Cal. 128; *Hall* v. *Bark Emily Banning,* 33 Cal. 523; 1 Wharton's American Criminal Law, secs. 814, 817; 1 Greenleaf on Evidence, secs. 449, 450); also in admitting evidence attacking the character and reputation of defendant when he had not offered evidence of his good character (1 Wharton's American Criminal Law, 5th ed., secs. 636–39, 824; 3 Greenleaf on Evidence, secs. 25, 26; Bishop's Criminal Procedure, secs. 1062, 1063, 1112, 1119; *People* v. *Fair,* 43 Cal. 149; *Commonwealth* v. *Webster,* 5 Cush. 325; Burrill on Evidence, 533; *People* v. *Dolan, supra; People* v. *Gordan,* 103 Cal. 573; *People* v. *Johnson,* 61 Cal. 144); also in admitting the testimony of witnesses Abbott and Putnam that defendant's reputation for truth, honesty, and integrity was bad, and not confining it to general reputation. (1 Wharton's American Criminal Law, secs. 814, 824; 1 Greenleaf on Evidence, sec. 461; *People* v. *Fair, supra; Commonwealth* v. *Hardy,* 2 Mass. 317; *People* v. *Gordan, supra;* Code Civ. Proc., sec. 2051.) It was misconduct

in the district attorney to refer, in his argument, to the
alleged bad character or reputation of defendant and
his family, when it had not been put in issue.

*W. F. Fitzgerald, Attorney General, Henry E. Carter,
Deputy Attorney General, Charles H. Jackson, Deputy Attor-
ney General, F. B. Howard, District Attorney,* and *Maurice
E. Power,* for Respondent.

The court did not err in ordering the sheriff to sum-
mon additional jurors when he saw that the general
panel was exhausted. The conduct and expedition of a
trial is vested inherently in all courts, and their discre-
tion is broad in the premises. (Code Civ. Proc., secs.
214, 227; *People* v. *Devine,* 46 Cal. 47.) A challenge to
the panel must be founded on a material departure from
the form prescribed by the code. (Pen. Code, sec. 1059.)
The challenge of juror Fulkreth was properly allowed,
as his opinion was based upon some of the actual facts
of the case, and the cause was practically prejudiced in
his mind, and as far as these facts were concerned,
prejudged. (*People* v. *Wells,* 100 Cal. 227.) The excep-
tion was sufficiently specific. The usual and proper
mode of examining jurors on *voir dire* was followed in
this case. (*People* v. *Scoggins,* 37 Cal. 676; *People* v.
*Iams,* 57 Cal. 115.) There was no error in admitting
what defendant said to Constable Templeton, as, not
being an acknowledgment of guilt, it was not a confes-
sion (Webster's Dictionary, tit. "Confession"; *People* v.
*Velarde,* 59 Cal. 457; *People* v. *Strong,* 30 Cal. 157; *Peo-
ple* v. *Parton,* 49 Cal. 632; *People* v. *Le Roy,* 65 Cal. 614);
and, even if a confession, it was admissible. A confes-
sion made to an officer who has the person in custody,
whether it appear to have been made involuntarily or
not, is admissible if it was not induced by improper
means. (*People* v. *Long,* 43 Cal. 444; *People* v. *Jim Ti,*
32 Cal 60; *People* v. *Ah How,* 34 Cal. 218; 1 Greenleaf
on Evidence, 257; *People* v. *Kamaunu,* 110 Cal. 609.)
As defendant took the stand, and as the whole tenor of

his testimony was to show good character, the prosecution were properly allowed to discredit his testimony as a witness, by evidence of his bad reputation for truth, honesty, and integrity. (*People* v. *Bell*, 49 Cal. 485.) There was nothing in the conduct of the district attorney, either in his examination of witness or argument, which was illegitimate. (*People* v. *Lee Ah Yute*, 60 Cal. 95; *People* v. *Ross*, 85 Cal. 383; *People* v. *Ward*, 105 Cal. 340; *People* v. *Beaver*, 83 Cal. 419; *People* v. *Ah Fook*, 64 Cal. 383; *People* v. *Wheeler*, 65 Cal. 77; *People* v. *Hamberg*, 84 Cal. 473; *People* v. *Ross, supra; People* v. *Ah Yute, supra; People* v. *Mitchell*, 62 Cal. 411.)

VAN FLEET, J.—Defendant was convicted of grand larceny, and appeals from the judgment and an order denying him a new trial. He assigns numerous errors.

1. The exceptions taken in the impanelment of the jury are without merit. The course pursued by the trial judge as to the time and manner of requiring peremptory challenges to be exercised has been the established rule in criminal cases in this state for upwards of twenty-five years. (*People* v. *Scoggins*, 37 Cal. 679.)

The challenge for cause interposed by the prosecution to the juror Fulkreth was properly allowed. The challenge was sufficiently specific, and the juror, in having formed an opinion based upon hearing the sworn evidence taken on a former trial of the same case, was clearly disqualified.

Nor was there any error in disallowing the defendant's challenge to the panel returned under the special venire. The necessity for the issuance of that venire arose from the want of a sufficient number of jurors remaining on the regular list to form a panel. The fact that the depletion of the regular panel may have arisen from too great a liberality on the part of the judge in allowing excuses to those summoned thereon cannot affect the regularity of the special venire, the matter of excuses being one of wide discretion, and nothing being made to appear to show its abuse. The special venire was

regularly issued and returned. (Code Civ. Proc., sec. 227.)

2. The constable who arrested the defendant was permitted against the defendant's objections to testify to certain statements or declarations made by defendant in a conversation between them after the arrest, and this ruling is assigned as error.

The subject of the larceny was a calf, which was taken from the pasture of its owner, near the town of Porterville. In the evening before the theft, the owner having been informed that there was a calf tied down in his pasture, got a friend and the constable and drove out to the field. On the way out they met a two-horse wagon being driven rapidly toward town, but the night was too dark to enable them to identify the driver or the team. When they reached the pasture the calf was gone, but evidence of where it had been tied was found, and wagon tracks led from near the place to the premises of the defendant. The next morning a search of defendant's premises was made by the constable, and in a shed on the place was found a quarter of beef or veal, the hide and the head and entrails on the floor. Upon this discovery, the constable remarked to defendant: "Jerome, this looks kind of suspicious"; and defendant answered: "Well, damned if it don't." Subsequently, in talking with defendant on the way to the jail, the constable referred to the incident of meeting the wagon on the evening before, and to quote his language as given in his testimony: "I remarked to him [defendant] that I had a notion to stop that wagon when we met it, or that afterwards I wished that I had stopped it; and he said that it was probably the best thing for me that I didn't try to stop it; that if I had attempted to stop it, I probably would not have stopped any more;—something to that effect. I don't remember exactly the language he used." Defendant objected to this conversation, and asked that it be stricken out, on the grounds that it was irrelevant, incompetent, and immaterial, and constituted a confession made under duress of arrest

and imprisonment, and was for that reason inadmissible.

Aside from the fact that the constable had testified that nothing was said or done by him to induce the defendant to talk, or any promise of clemency, or threats made to defendant, there was no error in the admission of the conversation in evidence. The statements or declarations of the defendant were in no sense a confession or admission of guilt, and did not require preliminary proof of their voluntary character. "A confession is a person's declaration of his agency or participation in a crime. The term is restricted to acknowledgments of guilt." (*People* v. *Le Roy*, 65 Cal. 613, and cases there cited.) The fact that these statements of the defendant, when considered with the other facts in the case, had a tendency to prove guilt did not constitute them confessions, or subject them to the rule applicable to the latter. "An admission of a fact, not in itself involving criminal intent, is not to be rejected as evidence (without the preliminary proof) merely because it may, when connected with other facts, tend to establish guilt." (*People* v. *Parton*, 49 Cal. 637.) In this case, as in those above cited, the defendant did not admit his guilt, but denied it from first to last. The evidence was clearly within the rule of admissibility.

3. The defendant took the witness-stand in his own behalf, and gave testimony tending to exculpate him from the charge. In rebuttal the prosecution introduced a number of witnesses who testified that the general reputation of defendant in the community for truth, honesty, and integrity was bad. This evidence was objected to by the defendant upon the grounds that it was irrelevant, immaterial and incompetent, and that its introduction was an unwarranted attack on the character of defendant, which was not in issue, and constituted misconduct of the district attorney in offering it. This objection was overruled, and the admission of the evidence is now urged as error. The evidence was properly admitted. The moment the defendant submitted him-

self as a witness, his character, *as such witness,* for truth, honesty, and integrity was involved, and he became subject to the same rules for testing his credibility before the jury, by impeachment or otherwise, as any other witness. (*People* v. *Beck,* 58 Cal. 212; *People* v. *Bentley,* 77 Cal. 7; 11 Am. St. Rep. 225.) The course of the prosecution was one of the recognized methods for attacking the character of a witness, and its application in the present instance was a proper one. (Code Civ. Proc., sec. 2051.)

A further objection is made in this connection. There were some six or seven impeaching witnesses in all put on by the prosecution. To all of them, except in two instances, the form of the questions calling for their knowledge was unobjectionable; the witnesses being asked, in the usual formula, if they knew "the general reputation of the defendant for truth, honesty, and integrity," etc. In two instances, however, the word "general" was, whether by inadvertence or otherwise, omitted in putting the question. The objection interposed by defendant in each instance, including the two last, was the same as above stated, and no specific suggestion or objection as to the mere form of the question was in any instance made to the court or opposite counsel. Defendant now insists that in the two instances indicated his objection was clearly good, and should have been sustained. In the first place, while it is true that the inquiry is to be confined to the general reputation of the witness, it is not necessarily true that this object can only be accomplished by using in all instances one stereotyped form of question. As, for example, in the case before us, in each of the two instances where the term "general" was omitted in putting the question, the whole manner of the inquiry, and the character of the questions asked, evinced as clearly to the witness on the stand and the jury that it was the general reputation of the impeached witness that was being sought, as though that fact had been expressed in exact terms. This is all that is required. But, in the next

place, if defendant wished to avail himself of the objection now made, he should have directed the attention of the judge by specifically calling his attention to the vice in the form of the question now complained of. He cannot be heard to urge or point out here for the first time an objection of any more specific character than that made in the court below. (*People* v. *Bush*, 68 Cal. 629; *Howland* v. *Oakland etc. Ry. Co.*, 110 Cal. 513; *People* v. *Frigerio*, 107 Cal. 151.)

There are no other points requiring special notice. We find nothing reprehensible in the conduct of the district attorney or his assistant, either in the method of the examination of witnesses or their argument to the jury. The case would seem to have been conducted throughout with a due regard for the rights of the defendant. We have examined the other assignments, and find that they involve no error.

The judgment and order are affirmed.

HARRISON, J., and GAROUTTE, J., concurred.