[Crim. No. 1304. First Appellate District, Division Two.—September 16, 1926.]

## THE PEOPLE, Respondent, v. CHARLES PIERO, Appellant.

[1] CRIMINAL LAW — EVIDENCE — CONSTRUCTION OF SECTION 4½, ARTICLE VI, CONSTITUTION.—Under section 4½ of article VI of the constitution, in order to determine whether certain errors assigned in connection with the admission of evidence in a criminal prosecution resulted in a miscarriage of justice, the appellate court is permitted to refer to the evidence offered on the motion for a new trial in addition to that tendered to the jury.

[2] ID. — RAPE — CORROBORATION — IDENTIFICATION — EVIDENCE.—In a prosecution for rape, evidence to the effect that the prosecutrix, shortly after she had been assaulted by the defendant, was assaulted and robbed by others, some of whom were members of defendant's party, and that defendant had in his possession jewelry which had been stolen from the prosecutrix, was admissible, as it tended to corroborate the testimony of the prosecutrix that she had first been assaulted by the defendant and that he had then turned her over to the others for the same purpose, and as it also tended to identify the defendant as one of the members of the party.

[3] ID.—CRIME AGAINST NATURE—EVIDENCE.—In such prosecution, defendant's contention that error was committed in the admission of evidence of a crime against nature in which defendant did not participate, cannot be sustained, where no such evidence was offered on the trial.

[4] ID. — ARGUMENT OF DISTRICT ATTORNEY—ABSENCE OF MISCONDUCT. In such prosecution, misconduct was not committed by the district attorney by referring in his argument to the jury to the fact that

4. See 8 Cal. Jur. 270; 2 R. C. L. 412.

defendant had not called as a witness the proprietor of a cafe at which defendant and his party had stopped, or by referring to the stolen jewelry.

---

(1) 17 C. J., p. 205, n. 31.    (2) 16 C. J., p. 589, n. 10, p. 610, n. 16; 33 Cyc., p. 1460, n. 43.    (3) 17 C. J., p. 179, n. 2.    (4) 16 C. J., p. 904, n. 70.

APPEAL from a judgment of the Superior Court of San Mateo County and from an order denying a new trial. George H. Buck, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Albert Mansfield, J. J. Bullock and Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant was tried on an information charging rape. He was convicted as charged and from the judgment following the verdict and from the order denying his motion for a new trial he has appealed on a typewritten record. The assignments of error are: (1) The admission of evidence of a separate rape in which the defendant did not participate, (2) the admission of evidence of a robbery of which defendant was not guilty, (3) the admission of evidence of a crime against nature in which the defendant did not participate, and (4) misconduct of the district attorney in his argument to the jury.

[1] A proper understanding of the grounds of appeal requires a more complete statement of the story of the case than we would otherwise be inclined to give, and for this purpose it is necessary to refer to the evidence offered on the motion for a new trial in addition to that tendered to the jury. This we are permitted to do under section 4½ of article VI of the constitution, in order to determine whether the errors assigned resulted in a miscarriage of justice.

At about 12 o'clock midnight of August 2, 1925, the defendant and four companions, one of whom was a woman,

took into their automobile the prosecutrix, who was standing on the corner of Gough and Market Streets, San Francisco. The prosecutrix asked to be taken to her home on Valencia Street and was assured that this would be done. The machine, however, continued on out Market Street, over the Twin Peaks road and on down to Brighton Beach, in San Mateo County. The prosecutrix frequently demanded that she be taken to her home or released from the car, but was forcibly restrained by the defendant, who held his hand over her mouth to prevent an outcry. When the party arrived at the Brighton cafe they immediately left the machine and entered the cafe, except the defendant and the prosecutrix, who was forced to remain in the car by the defendant. While the others were dancing and drinking in the cafe the defendant forcibly committed the assault upon the prosecutrix and then entered the cafe and told the others what he had done. The prosecutrix entered the dressing-room of the cafe and locked herself in, but was forced to come out by the proprietor on the demand of other members of the party. She was then dragged to the machine and driven down an unfrequented road by four men, three of whom were members of the original party while the other one was picked up at the cafe. These four took her from the machine and each assaulted her. At this time one of the four robbed her of her jewelry, which he turned over to this defendant to sell and which was subsequently recovered from this defendant by the police. After the assault last referred to these four drove the prosecutrix back to the cafe, where they turned her over to two other men of like character whom they had met in the cafe. The original party, without the prosecutrix, then returned to San Francisco. A few days later they were all arrested and the foregoing story of the prosecutrix was corroborated in every material detail by the confessions which some of them made to the district attorney.

In the trial of this case before the jury the testimony of the prosecutrix was confined to the assault made by this defendant before she entered the cafe at Brighton, except that she was permitted to say that she was afterward taken down the road by four men and assaulted and robbed

and that this defendant was not one of the four. The jewelry which had been taken from her was then offered in evidence and this defendant's subsequent possession of this jewelry and its delivery to the police was also shown.

[2] The first two assignments of error relate to the assault and robbery committed by others of the party after the act charged to have been committed by this defendant. This evidence was admissible as it tended to corroborate the testimony of the prosecutrix that she had first been assaulted by this defendant and that he had then turned her over to the others for the same purpose. It also tended to identify the defendant as one of the members of the party—the one who had forcibly restrained her from leaving the machine during the ride to Brighton and after its arrival there was satisfied to let the other members of the party continue the outrage upon her. The whole affair occurred in the middle of the night. The prosecutrix was in the hands of strangers whom she had never seen before. It was proper for the district attorney to complete her identification of this defendant by evidence of defendant's subsequent possession of the stolen jewelry, his admission that he had received it from one of the four who committed the second assault, and her testimony that it was taken from her possession at that time.

[3] The third assignment of error relates to a circumstance occurring in the trial of one of the other defendants. No such evidence was offered in the trial of this defendant.

[4] The fourth assignment of error goes to the alleged misconduct of the district attorney in his closing argument to the jury. Complaint is made of his reference to the fact that defendant had not called as a witness the proprietor of the Brighton cafe. The defense had called two musicians employed at the cafe and a hanger-on who attempted to controvert the testimony of the prosecutrix that she did not dance or drink while in the cafe. These witnesses were wholly discredited in their cross-examination, and it was in reference to this that the district attorney asked why they had not called the proprietor, whose testimony might have been believed. The defendant merely claims error and cites no authority. We find no

error in this or in the reference by the district attorney to the stolen jewels.

Judgment and order affirmed.

Sturtevant, J., and Cabaniss, P. J., *pro tem.*, concurred.