[Crim. No. 1305. First Appellate District, Division Two.—February 5, 1927.]

## THE PEOPLE, Respondent, v. ANGELO CHIAPPARI et al., Appellants.

[1] CRIMINAL LAW—RAPE—EVIDENCE—VERDICT—APPEAL.—In a prosecution for rape, where the story of the prosecutrix is complete and sufficient to support the verdict of guilty, and her story in all material respects is corroborated by other witnesses, it will not be held on appeal that her testimony is confused and unbelievable because disconnected excerpts from her testimony make it appear that defendant was not present at the time of the assault.

[2] ID.—INSTRUCTIONS—PROVINCE OF COURT AND JURY—DISCONNECTED EXCERPTS.—In such prosecution, the trial judge having instructed the jury that it was his duty to instruct them upon the law governing the consideration of the case, but that they were charged with the duty to determine the facts from their own judgment without influence by what they might conceive to be the views of counsel or of the court, that the defendants having pleaded not guilty it was the duty of the jury to determine whether defendants were guilty, and that in this respect they were the supreme judges in the matters of fact, it was not error to add the further statement that "neither counsel nor the court has anything to say to you about that."

[3] ID. — PRESUMPTION OF INNOCENCE — INSTRUCTIONS.—In a criminal prosecution, it is not error to instruct the jury that "at the outset of the trial" the defendants are presumed to be innocent, where in the same instruction the jury is told that the presumption of innocence abides with the defendants "throughout the trial and goes with you to your jury-room until the evidence convinces you to the contrary and beyond all reasonable doubt."

(1) 33 Cyc., p. 1486, n. 12.     (2) 16 C. J., p. 1050, n. 84.     (3) 16 C. J., p. 983, n. 27.

APPEALS from judgments of the Superior Court of San Mateo County and from orders denying a new trial. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Albert Mansfield, J. J. Bullock and Nathan Coghlan for Appellants.

U. S. Webb, Attorney-General, and Lionel B. Browne for Respondent.

NOURSE, J.—The three defendants were tried jointly upon an information framed in two counts, one charging robbery and the other charging rape. The jury returned a verdict of guilty upon the second count, having failed to agree as to the charge of robbery. Judgments following the verdict were entered in each instance on September 30, 1925, and three separate appeals were taken based upon one typewritten transcript filed November 6, 1925. These appeals are from the judgment and the order denying a new trial as to each of the three defendants. On June 10, 1926, a brief was filed on behalf of the defendant Chiappari and, upon request of his counsel, the time was extended to enable him to file briefs for the other defendants, but these briefs have not been filed.

The facts of the case are recited in *People* v. *Piero,* 79 Cal. App. 357 [249 Pac. 541], and nothing would be served by repeating them here. It should be stated, however, that the defendants Ghio and Piexotto were members of the original party which picked up the prosecutrix on the streets of San Francisco and took her to the Brighton Beach Cafe in San Mateo County; that the defendant Chiappari joined the party at the cafe and that he, Craib, and the two other defendants formed the party of four who forcibly committed the assault upon the prosecutrix. It should also be stated that after this occurrence the four members of the party returned to the cafe, left the prosecutrix out on the road, and that some time later, at the request of the proprietor of the cafe, the defendant Chiappari got in another automobile and with a companion picked up the prosecutrix and returned her to Colma.

[1] On this appeal it is argued on behalf of Chiappari that the testimony of the prosecutrix is confused and unbelievable. To support the argument disconnected excerpts from her testimony are copied from the record and by this method it is made to appear that this defendant was not present at the time of the assault. This is done by con-

fusing the proof of the use of two automobiles by members of the party and by disconnected references to the "machine" and "car." The story of the prosecutrix is complete and sufficient to support the verdict, but in addition to this her story in all material respects was corroborated by other witnesses.

[2] The appellant Chiappari has also advanced the argument that the trial judge erred in his instructions to the jury. Error is made to appear by taking disconnected excerpts from instructions which place an entirely different meaning upon the instruction as given. The trial judge instructed the jury that the defendants having pleaded not guilty it was the duty of the jury to determine whether they were guilty of either or of both of the crimes charged and that in this respect they were the supreme judges in the matters of fact. In this connection it was added that "neither counsel nor the court has anything to say to you about that." This appellant claims that the language just quoted was error. But it was merely a part of an instruction wherein the trial judge instructed the jury that it was his duty to instruct them upon the law governing the consideration of the case, but that they should not imply from anything said by him that he had any particular views as to what the facts were; that they were charged with the duty to determine the facts and that this must be done from their own judgment without influence by what they might conceive to be the views of counsel or of the court upon these questions. There was no error in the instructions as given.

[3] Similar criticism is made of the instructions on the subject of the presumption of innocence resting with the defendants. This appellant copies a portion of the instructions reading: "These defendants at the outset of the trial are presumed to be innocent," and from this argues that the jury was left to believe that this presumption applied to the defendants at the outset of the trial only. However, in the same instruction the jury was told that the presumption of innocence abides with the defendants "throughout the trial and goes with you to your jury-room until the evidence convinces you to the contrary and beyond all reasonable doubt."

81 Cal. App.—14

Upon review of the entire record we are satisfied that the defendants were all fairly tried and fairly convicted upon evidence which is not subject to legal criticism.

The judgments and the orders denying a new trial as to each of the three defendants are affirmed.

Koford, P. J., and Sturtevant, J., concurred.