[Crim. No. 33. Fourth Appellate District.—January 16, 1931.]

THE PEOPLE, Respondent, v. HAYS CLEMENTS, Appellant.

Raymond E. Hodge for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, George H. Johnson, District Attorney, and C. O. Thompson, Deputy District Attorney, for Respondent.

MARKS, J.—Appellant was charged with the crime of rape upon a female under the age of eighteen years, not his wife. He was found guilty of an attempt to commit rape and was sentenced to the penitentiary. He maintains that the evidence offered by the People was so inherently improbable that it will not support the verdict and judgment.

No good purpose could be served by reviewing the testimony here in all its sordid and revolting details. It will suffice to state that it shows a bestial attack upon the prosecutrix, a girl of the age of sixteen years, by appellant. The crime was committed near a by-road about six miles north of the city of San Bernardino during a stop in an automobile ride following a dance. There were three girls in the party who were of the ages of fifteen, sixteen and eighteen years respectively, and four boys who were of the ages of sixteen, eighteen, twenty, and twenty-one

years respectively. The testimony of the prosecutrix would have supported a verdict of guilty as charged. It showed that the appellant accomplished his purpose by the use of force and that his victim resisted to the extent of her strength and ability and repeatedly called her companions to come to her aid. Her testimony is amply corroborated by her girl companions and other evidence. It is also corroborated in many particulars by the testimony of appellant and the boys of the party. That appellant attempted to, or did, commit the actual rape, and that the prosecutrix cried out for help, are the only particulars in which appellant contradicted the story of his victim. The evidence is amply sufficient and is not inherently improbable. We are satisfied that under its oath and the evidence before it, the only other verdict which the jury could have consistently returned was one finding the defendant guilty of rape.

Appellant complains of the instructions given to the jury as well as of the refusal of the court to give certain instructions proposed by him. We have gone over all instructions carefully and can find no error of law therein prejudicial to the appellant. He particularly complains because the court submitted the question of attempt to commit rape to the jury, contending that the evidence clearly showed the appellant either guilty of rape or not guilty. In this we cannot agree with him. He produced an expert witness who testified at length. The sole purpose of this evidence was to disprove the prosecutrix's charge of penetration. This evidence presented an issue of fact which the court correctly submitted to the jury.

The evidence discloses that there was a half-gallon jug half full of wine in appellant's car in which the seven young people rode to the scene of the crime. The wine was consumed by appellant and one or more of his male companions prior to the assault on the prosecutrix. Appellant objected to the introduction of evidence concerning the wine on the ground that it was irrelevant, incompetent, and immaterial, which objection was overruled by the court. He now maintains that this ruling was erroneous because the evidence tended to show appellant guilty of the possession and transportation of liquor. Under the following authorities we are of the opinion that this ruling of the trial court was not prejudicial to appellant under the facts

of this case: *People* v. *Hickman,* 113 Cal. 80 [45 Pac. 175] ; *People* v. *Owens,* 123 Cal. 482 [56 Pac. 251] ; *People* v. *Ellis,* 188 Cal. 683 [206 Pac. 753] ; *People* v. *Piero,* 79 Cal. App. 357 [249 Pac. 541].

▮ Appellant complains of remarks made by the district attorney during his closing argument to the jury. Upon his objection being made the trial judge promptly struck out the objectionable remarks which cured the error.

▮ Appellant further contends that he was denied due process of law for the reason that the reporter did not take down in shorthand the arguments of the district attorney. In his request for the preparation of the record on appeal he stated that he desired the transcription of the arguments of the district attorney and the trial court ordered the reporter to transcribe them. Only one paragraph of such argument appears in the record, together with appellant's objection thereto, and the court's order striking it out. The record contains no reason why the balance of the arguments were not incorporated, nor does it appear whether or not the reporter took down the arguments in shorthand. There was no request made for a diminution of the record. It is incumbent upon appellant to show error and that such error was prejudicial to his rights. There is no showing in the record that any portion of the arguments not transcribed contained anything prejudicial to appellant or anything to which he objected or assigned as error. We cannot assume error or prejudice to appellant. (*People* v. *Casey,* 79 Cal. App. 295 [249 Pac. 525].)

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 29, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 11, 1931.